# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ABRAHAM/RASHEEN GRANT/RAKIM　　　　　　　　　　　　　　　　PLAINTIFF
ADC #128147

V.　　　　　　　　　　　No. 5:19CV00208-JM-JTR

WENDY KELLEY, Director ADC　　　　　　　　　　　　　　　　DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Plaintiff Abraham/Rasheen Grant/Rakim ("Grant/Rakim") is a prisoner in the Varner Supermax Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint, Amended Complaint, and an Affidavit alleging that

Defendant Wendy Kelley ("Kelley") is violating his constitutional rights.[1] *Docs. 2, 5 & 6.* Before Grant/Rakim may proceed with this case, the Court must screen his allegations.[2]

## II. Discussion

Grant/Rakim alleges that, on September 15, 2017, non-party Dr. Ronald Stukey diagnosed him with Berlotti's syndrome, a spinal cord abnormality, and arranged for an "off-site clinic visit" for evaluation and treatment.[3] However, unidentified prison officials "relieved" Dr. Stukey from treating him and "refused to allow him" the treatment ordered by Dr. Stukey. *Doc. 2 at 4 & 6; Doc. 5 at 4-5.*

---

[1]Although Grant/Rakim is a three-striker, the Court allowed him to proceed *in forma pauperis* because his allegations were sufficient to satisfy the "imminent danger" exception to the three-strikes rule. *Doc. 3 at 1-2; see* 28 U.S.C. § 1915(g) (providing that prisoner who has had three or more cases dismissed as frivolous, malicious or for failure to state a claim, should, nevertheless, be granted permission to proceed *in forma pauperis* if he is "under imminent danger of serious physical injury").

[2]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[3]The Court has read Grant/Rakim's *pro se* pleadings, together, as constituting his claims. *See Kiir v. N.D. Pub. Health,* 651 Fed. Appx. 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint); *Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (*pro se* pleadings must be liberally construed).

According to Grant/Rakim his condition causes walking problems, severe pain, and other difficulties.

Finally, Grant/Rakim alleges that Kelley[4] is refusing to comply with ADC Administrative Directive 16-10 ("AD 16-10"), which requires that "spinal cord injured inmates" be evaluated "at least quarterly" by a physiatrist or other qualified physician with specialized training in spinal cord injuries. According to Grant/Rakim, because Kelley approved the policy, she is responsible for seeing that it is enforced and implemented. The remedy Grant/Rakim seeks for these alleged constitutional violations is treatment by a specialist, "under AD 16-10," along with monetary damages. *Doc. 2 at 4-5; Doc. 5 at 5-10.*

A violation of prison policy alone cannot support a constitutional claim under § 1983. *Moore v. Rowley,* 126 Fed. Appx. 759, 760 (8th Cir. 2005); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). In addition, it is well settled that prisoners do not have a due process right to enforce compliance with internal prison rules or regulations. *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner,* 109 F.3d at 430. Thus, Grant/Rakim has not pled a viable § 1983 claim based on Kelley's alleged refusal to comply with AD 16-10.

---

[4]In a later filing, Grant/Rakim states that Dexter Payne is now the ADC Director and he seeks to have him "automatically substituted" as the Defendant in this action. *Doc. 7.* This change is immaterial because Grant/Rakim's claim fails regardless of who the ADC Director is.

Grant/Rakim also alleges that Kelley was required to override the decision of his medical providers that it was *not* medically necessary for him to see a specialist. As a matter of law, these allegations also do not state a viable constitutional claim.

The law is well-settled that prison officials lacking medical expertise, such as Kelley, are entitled to rely on the opinions of medical staff regarding whether to refer inmates to outside doctors or specialists. *Holden v. Hirner*, 663 F.3d 336, 343 (8th Cir. 2011); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir.1995); *see also Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir.2002) (holding that a prison medical director could not be held liable for refusing to override a prison doctor's decision that an inmate did not need a CPAP machine, and stating: "Prison officials cannot substitute their judgment for a medical professional's prescription."); *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that a prison official who lacked medical expertise, and who was not involved in treatment decisions made by medical staff, "cannot be liable for the medical staff's diagnostic decisions").

Accordingly, the Court recommends that this case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Grant/Rakim's Complaint and Amended Complaint (*Docs. 2 & 5*) be DISMISSED, WITHOUT PREJUDICE.

2. The dismissal of this case count as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 27th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE